# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN R. MARTINEZ, | Case No. 1:10-cv-01501-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST, AND DISMISSING STATE LAW CLAIMS, WITH PREJUDICE, FOR FAILURE TO COMPLY WITH GOVERNMENT CLAIMS ACT |
| v. | |
| JAMES TILTON, et al., | |
| Defendants. | |
| | (Doc. 27) |

### I. Procedural History

Plaintiff John R. Martinez filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on August 19, 2010.[1] This action is proceeding against Defendants Adams, Dicks, Hubach, Jennings, Payne, Rickman, and Matthews for allegedly violating Plaintiff's rights while he was incarcerated at California State Prison-Corcoran. The events giving rise to Plaintiff's claims occurred between March 15, 2008, and April 21, 2008.

On May 29, 2013, Defendants filed a motion to dismiss for failure to exhaust the administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). (Docs. 27, 41.) Plaintiff filed an opposition on June 12, 2013, and Defendants filed a reply on June 19, 2013. (Docs. 34, 38.) The motion has been submitted upon the record without oral argument. Local Rule 230(g).

///

---

[1] Plaintiff filed suit pro se but he now has counsel.

**II.      Failure to Exhaust Federal Claims in Compliance with 42 U. S. C. § 1997e(a)**

**A.      Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Morton v. Hall*, 599 F.3d 942, 945 (9th Cir. 2010); *Wyatt*, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. *Jones*, 549 U.S. at 223-24; *Lira v. Herrrera*, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

**B.      Cancellation of Appeal**

Defendants move to dismiss Plaintiff's claims arising from his placement in the EOP unit because he failed to exhaust appeal log number 08-2079, in which he grieved his transfer to the EOP[2] unit. (Doc. 27, Motion, Ex. E.) Defendants contend that the appeal was cancelled at the first formal level of review when Plaintiff refused to be interviewed for the appeal.[3] (*Id.*)

---

[2] Although not defined in the parties' pleadings, EOP refers to "Enhanced Outpatient Program." *See e.g.*, Cal. Code Regs., tit. 15, § 3375(g)(3)(2013).

[3] The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1 (2008). During the relevant time period, the process was initiated by submitting a CDC

However, Plaintiff claims that he did not refuse to exit his cell for an interview and when he received notice the appeal had been cancelled, he immediately submitted the appeal to the second level of review and disputed the cancellation. (Doc. 37, Martinez Amend. Decl., ¶¶3, 4.) When Plaintiff subsequently inquired about the status of the appeal, he was informed it had not been received. (*Id.*, ¶5.)

Compliance with the mandatory exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378 (2006), and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, *Woodford*, 548 U.S. at 83-84 (quotations omitted). However, the failure to exhaust may be excused where the administrative remedies are rendered "unavailable," with the plaintiff bearing the burden of demonstrating that the grievance process was unavailable to him through no fault of his own.[4] *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010); *Brown v. Valoff*, 422 F.3d 926, 939-40 (9th Cir. 2005).

In this instance, Plaintiff disputes the propriety of the cancellation and he has submitted a declaration attesting that he did not refuse to be interviewed. Further, Plaintiff attests he submitted the appeal to the next level of review challenging the cancellation as improper, but he received no response.

If Plaintiff did not refuse to be interviewed for his appeal, it was improperly cancelled and his failure to exhaust is excused.[5] Tit. 15, § 3084.4(d) (2008); *Sapp*, 623 F.3d at 823-24. On the

---

Form 602 describing the problem and the action requested, tit. 15, § 3084.2(a) (2008), and appeal had to be submitted within fifteen working days of the event being appealed or of the receipt of the unacceptable lower level decision, tit. 15, § 3084.6(c) (2008). Up to four levels of appeal may be involved, including the informal level, first formal level, second formal level, and third formal level, also known as the Director's Level. Tit. 15, § 3084.5 (2008).

[4] There is no dispute that the appeal at issue sufficed to exhaust the EOP unit placement claims. *Sapp*, 623 F.3d at 824.

[5] In the event of an improper cancellation or screen-out, Defendants bear the burden of demonstrating that further remedies remained available, supported by citation to applicable rules and regulations. **Error! Main Document Only.** *Akhtar v. Mesa*, 698 F.3d 1202, 1210 (9th Cir. 2012) (citing *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005)). Defendants may not offer mere argument that Plaintiff was required to take, or could have taken, additional action. *Brown*, 422 F.3d at 939-40.

other hand, if Plaintiff refused to be interviewed, his appeal was properly cancelled and his failure to exhaust is not excusable. Tit. 15, § 3084.4(d) (2008); *Sapp*, 623 F.3d at 822 (citing *Woodford*, 548 U.S. at 90-91). Although Defendants argue that Plaintiff's position lacks credibility and contend that the Court may make credibility determinations on a motion to dismiss, the parties offer directly contradictory versions of events, both of which are supported by evidence, and Court cannot determine which version is the true on the record before it.[6] *E.g., Washington v. Mohamed*, No. 2:08-CV-0386-KJM-CMK-P, 2013 WL 1281893, at *1-2 (E.D. Cal. Mar. 27, 2013); *Contreraz v. Stockbrige*, No. 1:06-cv-01817-LJO-SKO PC, 2011 WL 2620367, at *1 (E.D. Cal. Jun. 29, 2011); *Ortega v. Giamalvo*, No. C-07-04436 EDL, 2011 WL 2445315, at *5 (N.D. Cal. Jun. 16, 2011). Therefore, Defendants' motion to dismiss is denied, without prejudice. *Washington*, 2013 WL 1281893 at *2; *Contreraz*, 2011 WL 2620367 at *2 n.3; *Ortega*, 2011 WL 2445315 at *5.

### III. Failure to Exhaust State Law Claims in Compliance with Government Claims Act

Defendants also move to dismiss Plaintiff's state law claims on the ground that he failed to comply with the Government Claims Act. Plaintiff concedes his claim was technically untimely but argues that equitable tolling and/or equitable estoppel *may* be applicable.[7]

The Government Claims Act requires that a tort claim for damages against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (Board) no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 950.2, 950.6. The Board has forty-five days to act on a claim, or an application for leave to file a late claim; and absent an extension by agreement, if the board fails to act within forty-five days, the claim is deemed rejected, or the application is deemed denied, on the last day of the prescribed period. Cal. Gov't Code §§ 911.6, 912.4. If an application for leave to file a late claim is denied, the claimant may petition the court for an order relieving him from section 945.4. Cal. Gov't Code § 946.6.

---

[6] Defendants provide a number of arguments in support of their position that Plaintiff's argument lacks credibility. At this juncture, the Court finds only that Defendants are not entitled to dismissal on the present record.

[7] Plaintiff's candor to the Court on the absence of authority for this point is appreciated.

4

Based on the events set forth in Plaintiff's complaint, he was required to file a written claim on or before September 15, 2008, with respect to his pre-EOP unit placement claims and on or before October 21, 2008, with respect to his EOP unit placement claims. Plaintiff filed a claim and an application for leave to file a late claim sometime between November 21, 2008, and December 2, 2008.[8] (Doc. 28, Ex. R, pp. 7-9.)

Plaintiff was notified by letter dated December 12, 2008, that his application for leave to file a late claim had been received; and Plaintiff was notified by letter dated December 26, 2008, that staff was recommending the Board deny his application for leave to file a late claim and the Board would act on his application at its February 19, 2009, meeting.[9] (*Id.*, pp. 4-6.) In a letter dated February 26, 2009, Plaintiff was notified that his application was denied and he was advised of the need to petition a court for relief if he wished to bring suit on his claim. (*Id.*, p. 3.) Plaintiff did not thereafter seek relief from section 945.4 by filing a petition in court.

Compliance with section 945.4 is a condition precedent to suit and the failure to comply bars suits for money damages. *DiCampli-Mintz v. County of Santa Clara*, 55 Cal.4th 983, 991, 289 P.3d 884, 150 Cal.Rptr.3d 111 (Cal. 2012); *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09, 164 P.3d 630, 64 Cal.Rptr.3d 210 (Cal. 2007); *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal.4th 1234, 1239, 90 P.3d 116, 13 Cal.Rptr.3d 534 (Cal. 2004). Plaintiff's claim was filed late -- which he recognized by filing an application for leave to file a late claim. When Plaintiff's application was denied, he was notified of the step he must take if he wished to file suit in court. Plaintiff failed to take that requisite step and in failing to do so, he cannot now claim compliance with, or an exception to, the Government Claims Act.

Although Plaintiff argues the Court should apply equitable estoppel and/or equitable tolling, the prison's inmate appeals process and the Government Claims Act process are separate processes and there is no support for a finding that the allegedly improper cancellation of Plaintiff's inmate appeal had any effect whatsoever on his ability to timely present his

---

[8] In resolving Defendants' motion to dismiss, it is unnecessary to determine exactly when the claim was filed by mail under Sections 915 and 915.2 of the Government Code.

[9] Defendants' request for judicial notice of the relevant Government Claims Act documents is granted. *Wyatt*, 315 F.3d at 1119-20.

Government Claims Act claim or on his decision not to petition the court for relief from section 945.4 once his application for leave to file a late claim was denied. *See Castaneda v. Dep't of Corr. and Rehabil.*, 212 Cal.App.4th 1051, 1064, 151 Cal.Rptr.3d 648 (Cal. Ct. App. 2013) (equitable estoppel applies where public entity's agents or employees prevent or deter filing of timely claim by some affirmative act).  Likewise, the doctrine of equitable tolling provides no relief to Plaintiff from his failure to comply with the requirements of the Government Claims Act, despite having been placed on notice of the next requisite step. *See Bjorndal v. Superior Court*, 211 Cal.App.4th 1100, 1107, 150 Cal. Rptr. 405 (Cal. Ct. App. 2012) (application of equitable tolling doctrine, if otherwise appropriate, requires timely notice, lack of prejudice to the defendants, and reasonable and good faith conduct by the plaintiff).

The intent of the Government Claims Act is not to expand the rights of plaintiffs against government entities but to confine potential governmental liability to rigidly delineated circumstances, and it is error not to adhere to the plain language of the statute. *DiCampli-Mintz*, 55 Cal.4th at 991-92 (quotation marks and citation omitted).  Here, Plaintiff was notified on February 26, 2009, of the next step he was required to take if he wished to file suit in court. Cal. Gov't Code § 946.6.  Plaintiff failed to take that step and his state law claims are barred for failure to comply with the Government Claims Act.  Cal. Gov't Code § 945.4.

**IV.    Order**

Based on the foregoing, the Court HEREBY GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss, filed on May 29, 2013, as follows:

1.    Defendants' motion to dismiss Plaintiff's federal claims arising out of his placement in the EOP unit for failure to exhaust is DENIED, without prejudice; and

///
///
///
///
///
///

2.   Defendants' motion to dismiss Plaintiff's state law claims for failure to comply with the Government Claims Act is GRANTED, and Plaintiff's state law claims are dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **October 16, 2013**              **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE